UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIE GUERRERA TOOKER,<br><br>         Appellant,<br><br>  -v-<br><br>QUEST VENTURES, LTD.<br><br>         Appellee. | 2:21-cv-01290-NJC |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, District Judge:

*Pro se* Appellant Marie Guerrera Tooker appeals from a Bankruptcy Court order denying her motion to disqualify Judge Robert Grossman and Trustee Allan Mendelsohn from the underlying bankruptcy action. *In re Quest Ventures Ltd.*, Ch. 7 Case No. 15-75499, (Bankr. E.D.N.Y Mar. 9, 2021), ECF No. 367. Before the Court are Appellant's opening brief and appendix. ECF Nos. 4, 5.

Appellant has filed at least six (6) other appeals from Judge Grossman's orders in the underlying bankruptcy case. *See Tooker v. Quest Ventures, Ltd.*, No. 16-cv-7070 (E.D.N.Y.) (Bianco, J.); *Tooker v. Quest Ventures Ltd., et al.*, No. 17-cv-4589 (E.D.N.Y.) (Seybert, J.); *Tooker et al. v. Quest Ventures Ltd., et al.*, No. 18-cv-6331 (E.D.N.Y.) (Seybert, J.); *Tooker et al. v. Quest Ventures Ltd., et al.*, No. 18-cv-6644 (E.D.N.Y.) (Seybert, J.); *Tooker et al. v. Quest Ventures Ltd., et al.*, No. 19-cv-0064 (E.D.N.Y.) (Seybert, J.); *Guerrera v. United States Tr.*, No. 21-cv-0028, (E.D.N.Y.) (Seybert, J.); *see also In re Quest Ventures, Ltd.*, 790 F. App'x 334 (2d Cir. 2020) (Second Circuit affirming this Court's order dismissing Appellant's appeal (Case No. 17-cv-4589) of an order issued by Judge Grossman in Bankruptcy Case No. 15-75499).

Like these prior appeals, the instant appeal is a confusing "diatribe against Judge Grossman . . . and others involved in her bankruptcy matters and appeals therefrom." *Tooker v. Grossman*, No. 18-CV-7164(JS)(ARL), 2018 WL 6727150 at *1 (E.D.N.Y. Dec. 20, 2018). Five years ago, this Court warned Appellant that "similar, future complaints will not be tolerated," and that future legal action relating to the underlying bankruptcy case would elicit an order to show cause why a litigation bar should not be entered against her. *Id.* at *4. The Court warned Appellant that if she "filed another action relating to the underlying bankruptcy case, it is within the Court's authority to consider imposing sanctions upon her." *Id.* Despite this warning, Appellant filed the instant appeal.

This appeal rehashes many of the frivolous and meritless arguments that this Court denied in Appellant's prior appeals. Appellant's submissions, liberally construed, fails to support a bankruptcy appeal or any of the civil claims that she appears to raise. As a result, the appeal is denied in its entirety and this Court orders Appellant to Show Cause as to why Appellant should not be subject to sanctions and a litigation bar prohibiting her from again filing complaints about Judge Grossman and decisions reached in the underlying bankruptcy proceeding.

**ISSUES RAISED IN THIS APPEAL**

As noted above, the opening brief on this appeal is confusing and its arguments are difficult to discern. This Court's close review identifies four categories of complaints concerning Judge Grossman and his orders denying Appellant's motions to disqualify him as the judge in the underlying bankruptcy proceedings.

First, Appellant contends that Judge Grossman made erroneous rulings in the underlying bankruptcy action, including but not limited to the rulings denying her motion to disqualify him

and Trustee Mendelsohn, due to his personal bias against her. ECF No. 4 at 7–10, 13–14, 19–20, 24–25, 27–28, 30–31. Appellant argues that Judge Grossman: (1) "demonstrated the appearance of partiality by disregarding statutory laws to commit criminal acts," *id.* at 4; (2) failed to conduct an evidentiary hearing before awarding relief, *id.* at 13; (3) failed to alert Appellant of hearings in the bankruptcy proceeding, *id.*; (4) violated Appellant's constitutional rights under Section 1983 by failing to file a criminal complaint for ongoing bankruptcy fraud, *id.* at 5–7, 13[1]; (5) committed grand larceny by "sua sponte" selling her property "at a hearing instead of an action", *id.* at 16; and (6) ruled against Appellant that certain property is not property of the bankruptcy estate, *id.* at 19. These arguments boil down to the position that Judge Grossman was biased when ruling against Appellant on numerous issues in the underlying bankruptcy proceeding (not just the disqualification motion), and that he violated criminal laws in the process. *See, e.g.*, *id.* at 20 ("Judge is continuing the scheme after seeing the indisputable material facts is undeniable a question of biasness or of bribery.").

Second, Appellant argues that Judge Grossman and Trustee Mendelsohn "committed bankruptcy [f]raud and ignored [b]ankruptcy [f]raud." *Id.* at 24. She asserts that Judge Grossman, Trustee Mendelsohn, and numerous other judges and government officials— including "Five police departments , The Suffolk County District attorney's office , Suffolk County Executive's office ,Four townships the sheriff's department New York attorney general's office The governor's office . Bankruptcy court , Us attorney's office"—engaged in a massive conspiracy to defraud her of her property and protect one of her creditors in the underlying bankruptcy proceeding. *Id.* at 18 (errors in original). She asserts that Judge Grossman "conspired

---

[1] Appellant contends "Judge Grossman deliberately neglected to investigate or complain of crimes despite knowing that DeRosa incidental wrongs [sic] committed in concert with Government officials and Alan Mendelsohn the trustee." ECF No. 7 at 36.

3

with the Suffolk county to wrongfully sell my property," and "tamper[ed] with the record and chang[ed] the docket sheet, tamper[ed] with the witnesses not letting me speak which cause irreparable harm . . . ." *Id.* at 13, 15. Appellant alleges that the judge "threaten[ed] to remove me and my children for over a year . . . ." and worked with others to "maliciously obstruct[]" her from discovering documents concerning her property, which were purportedly concealed by the county. *Id.* at 14. She generally contends that the foreclosure of property located at 3605 Middle Country Road in Calverton, New York, known as "Lot 029," was improper and done in order to further bribery, kickbacks, and bankruptcy fraud. *Id.* at 28–29. Appellant argues that her claims regarding the disposition of Lot 029 are not barred by *res judicata* because the action to foreclose the property was stayed at the time of her previous appeals and "Judge Baisley last decision [sic] has not even been filed and notice of entry has not been recorded or served." *Id.* at 33.

Third, Appellant claims that "Judge Grossman deliberately discriminated against Marie and treated me differently than everyone by asking me to remove my clothes and always using Federal Marshals to instill fear . . . ." *Id.* at 9. Appellant asserts that "in front of over 30 men in his court room," the judge "told me to take my sweater off for a second [and to] hang out," *id.* at 28, and made a "death threat" against her, *id.* at 25. Based on this purported conduct, she claims Judge Grossman violated a slew of criminal statutes enumerated at ECF No. 4 at 3–4.[2] She also argues more generally that "it is clear that the judge Grossman [sic] discriminated against me by maliciously neglecting enforcement of the law." *Id.* at 10. Appellant further argues that Judge

---

[2] "18 U.S.C. § 3 Accessory After the Fact; 18 U.S.C. § 4 Misprision of Felony; 18 U.S.C. § 2381 Treason; 18 U.S.C. § 2382, . . . Misprision of Treason; 18 U.S.C. § 241 Conspiracy Against Rights; 18 U.S.C. § 242, Deprivation of Rights Under Color of Law; 18 U.S.C. § 1505, Obstruction of Justice; 18 U.S.C. § 371, Conspiracy to Commit Offense; 28 U.S.C. § 535(b)(1) Investigation of Crimes Involving Government Officers; RSMo 562.016, Criminal Negligence; and others." ECF No. 4 at 3–4.

Grossman violated her First Amendment rights by "telling [her] to shut up never letting me speak on my behalf." ECF No. 7 at 9. Based on these allegations, Appellant appears to try to bring a claim against Judge Grossman under 42 U.S.C. § 1983 to enforce rights protected by the U.S. Constitution.

Fourth, Appellant criticizes Trustee Mendelsohn for actions he took in his official capacity as trustee in the underlying bankruptcy action. Appellant makes several references to Trustee Mendelsohn's participation in the alleged conspiracy to sell Appellant's property in the underlying bankruptcy action and accuses him of using racial slurs. ECF No. 4 at 22.

## PROCEDURAL HISTORY

The Court notes that Appellant was afforded numerous opportunities to litigate her motion to disqualify Judge Grossman and Trustee Mendelsohn in the underlying bankruptcy action. Appellant first filed a motion to disqualify Judge Grossman on November 5, 2018, which Judge Grossman denied for Appellant's failure to appear at the hearing on the motion. *In re Quest Ventures Ltd.*, Ch. 7 Case No. 15-75499, (Bankr. E.D.N.Y. Dec. 18, 2018), ECF Nos. 234, 266. Appellant filed a second motion to disqualify Judge Grossman and Trustee Mendelsohn on December 18, 2020, which Judge Grossman denied on January 13, 2021 for Appellant's failure to appear at the hearing scheduled on the motion. ECF Nos. 352, 362. Appellant then filed a third motion to disqualify Judge Grossman and Trustee Mendelsohn on February 12, 2021, which Judge Grossman denied on March 9, 2021. ECF Nos. 364, 367. Appellant's appeal of that ruling to this Court followed.

On March 9, 2021, Appellant filed a notice of appeal from the Bankruptcy Court and on May 7, 2021, Appellant filed her opening brief and appendix in this action. *Guerrera Tooker v. Quest Ventures, Ltd.*, No. 2:21-cv-01290 (E.D.N.Y.), ECF Nos. 1, 4, 5.

## STANDARD OF REVIEW

The District Court reviews the Bankruptcy Court's "legal conclusions *de novo* and its factual findings for clear error." *Townsend v. Ganci*, 566 B.R. 129, 133 (E.D.N.Y. 2017). A factual finding is clearly erroneous when, "after reviewing the evidence as a whole, 'the reviewing court is left with the definite and firm conviction that a mistake has been committed.'" *In re Thakur*, 498 B.R. 410, 419 (S.D.N.Y. 2013) (quoting *In re AMR Corp.*, 490 B.R. 470, 475 (S.D.N.Y. 2013)). The district court reviews mixed questions of law and fact de novo. *Id.*

This Court is required to construe pleadings "filed by *pro se* litigants liberally and 'interpret them to raise the strongest arguments that they suggest.'" *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023); *see also In re Buczek*, No. 22-1920-BK, 2023 WL 6618901, at *1 (2d Cir. Oct. 11, 2023) (applying same standard to *pro se* bankruptcy appeal). A *pro se* pleading, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Russell v. Karamingos*, No. 23CV8099PKCLB, 2023 WL 7300613 at *1 (E.D.N.Y. Nov. 6, 2023) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Nevertheless, a *pro se* complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a

defendant has acted unlawfully." *Id*. at 678; *accord We The Patriots USA, Inc. v. Connecticut Off. of Early Childhood Dev.*, 76 F.4th 130, 144 (2d Cir. 2023). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (internal citations omitted). "Complaints which ramble, which needlessly speculate, accuse, and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with the Federal Rules of Civil Procedure." *Tooker v. Guerrera*, No. 10-CV-5631 JS ARL, 2011 WL 3949820, at *1 (E.D.N.Y. Sept. 6, 2011) (internal citations omitted).

Further, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines the action is frivolous. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F. 3d 362, 363–64 (2d Cir. 2000) (per curiam); *Tooker v. Grossman*, No. 18-cv-7164(JS)(ARL), 2018 WL 6727150 (E.D.N.Y. Dec. 20, 2018); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when it is clear that the defendants are immune from suit."). An appeal is frivolous "where it lacks an arguable basis either in law or in fact." *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005) (dismissing bankruptcy appeal as frivolous).

## DISCUSSION

### I. Judicial Immunity Bars Appellant's Challenges to Judge Grossman's Actions Taken in his Judicial Capacity

It is well-established that judges have absolute judicial immunity from suit for actions taken in their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *accord Peoples v. Leon*, 63 F.4th 132, 138 (2d Cir. 2023) ("Absolute immunity for judges is 'firmly established' for acts 'committed within their judicial jurisdiction.'"); *Peia v. U.S. Bankr. Ct.*, 62 F. App'x 394, 396 (2d Cir. 2003) (summary order) (doctrine of judicial immunity barred claims against

bankruptcy judge). This absolute "judicial immunity is not overcome by allegations of bad faith or malice" nor can a judicial officer be deprived of immunity "because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13 (1991) (internal quotation marks and citations omitted); *accord McKeown v. N.Y. State Comm'n on Jud. Conduct*, 377 F. App'x 121, 123 (2d Cir. 2010). "When judicial immunity applies, the Court may, on its own, dismiss the complaint 'without affording a hearing or other notice of dismissal,' notwithstanding whether the plaintiff has paid a filing fee." *Brown v. Tr.*, No. 22-CV-6852(EK)(AYS), 2023 WL 3092712, at *1 (E.D.N.Y. Apr. 26, 2023).

The doctrine of judicial immunity bars Appellant's numerous arguments challenging Judge Grossman's acts undertaken in his adjudication of the underlying bankruptcy action. These include Appellant's arguments about Judge Grossman's (1) denial of the motion to disqualify him and Trustee Mendelsohn due to personal bias against her, ECF No. 4 at 7–10, 13–14, 19–20, 24–25, 27–28, 30–31; (2) denial of any hearings, *id.* at 13; (3) failure to provide notice of hearings, *id.*; and (4) ruling against Appellant that certain property is not property of the bankruptcy estate, *id.* at 19.

Notably, this Court has already informed Appellant that any challenge to actions "taken by Judge Grossman in his judicial capacity during the related bankruptcy case [entitle him] . . . to absolute immunity from suit." *Tooker v. Grossman*, No. 18-CV-7164(JS)(ARL), 2018 WL 6727150, at *2 (E.D.N.Y. Dec. 20, 2018). In a prior appeal, Appellant raised nearly identical arguments to those she raises here. *See Tooker v. Quest Ventures Ltd.*, No. 17-CV-4589(JS), 2018 WL 4783978 at *1 (E.D.N.Y. Sept. 30, 2018). Specifically, Appellant argued that Judge Grossman erred in determining the ownership of Lot 029 and ordering her to vacate the property. *Id.* Appellant contends that *res judicata* does not bar her from reiterating those same arguments

here. ECF No. 4 at 32. But as this Court previously told Appellant, the question of ownership of Lot 029 was properly decided by both Judge Grossman during the underlying bankruptcy action and by Judge Baisley during the foreclosure proceeding, and therefore she is barred from re-litigating that issue before this Court. *See Tooker v. Quest Ventures Ltd.*, No. 17-CV-4589(JS), 2018 WL 4783978 at *1 (E.D.N.Y. Sept. 30, 2018) (citing *Quest Ventures, Ltd. v. Abbess Farm, Ltd., et al.*, Index No. 8935/2008 (N.Y. Sup. Ct.)).

## II.     Appellant's Claims Against Trustee Mendelsohn for his Actions as Trustee Fail

Appellant's brief makes several references to Trustee Mendelsohn's actions during the disposition of property in the underlying bankruptcy action. ECF No. 4 at 22. Those arguments fail because Appellant did not obtain the required permission from the Bankruptcy Court before suing the Trustee in his official capacity. *See In re Lehal Realty Assocs.*, 101 F.3d 272, 276 (2d Cir. 1996) (finding that appellant had to obtain the permission of the Bankruptcy Court before suing trustee); *Peia v. U.S. Bankr. Ct.*, 62 F. App'x 394 (2d Cir. 2003) (affirming dismissal of RICO claims against bankruptcy trustee where plaintiff-appellant failed to obtain leave from the Bankruptcy Court to sue the trustee).

## III.    Appellant's Additional Claims are Denied as Implausibly Pled

Although courts apply a more lenient pleading standard to *pro se* pleadings, such submissions still must allege "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. "A court may dismiss a claim as 'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011). Appellant's

remaining claims, include allegations that Judge Grossman engaged in criminal conduct and violated her Fourteenth and First Amendment rights, do not allege facts sufficient to meet the pleading standard and are therefore dismissed as implausibly pled.

For example, Appellant's apparent effort to bring constitutional claims against Judge Grossman for purportedly threatening her with death, instructing her to remove her sweater in front of thirty men in a courtroom, telling her to "shut up", "never letting [her] speak on [her] behalf", and maliciously neglecting to enforce the law fails for lack of factual support and credibility. ECF No. 7 at 9, 25, 28; s*ee Gallop*, 642 F. 3d at 368–69 (affirming dismissal of complaint where plaintiff "offers not a single fact to corroborate" her "unsubstantiated and inconsistent allegation"); *Jean-Baptiste v. Almonte Stream Food Corp.*, No. 23-438, 2023 WL 7293777, at *1 (2d Cir. Nov. 6, 2023) (affirming dismissal as frivolous allegations that defendant poisoned plaintiff in collusion with the FBI where plaintiff "set forth no facts that suggested such collusion was remotely plausible."). Additionally, Appellant's allegations that Judge Grossman and others have been engaged in a criminal conspiracy to steal her property and enrich fraudsters are duplicative of issues she has raised in prior litigation before this Court and are therefore not credible. *See Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714–15 (2d Cir. 2019) (affirming dismissal and issuance of filing injunction where plaintiff had a history of engaging in "harassing, duplicative, and vexatious litigation" against the defendants).

### IV.     Litigation Bar and Potential Sanctions

Under the All Writs Act, a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act "grants district courts the power, under certain circumstances, to

enjoin parties from filing further lawsuits." *MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir. 1999). These circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits. The Court has an "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment, and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Law v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (cleaned up).

This Court has repeatedly warned Appellant against further complaints and frivolous filings related to the underlying bankruptcy action. *See, e.g.*, *Tooker v. Grossman*, No. 18-CV-7164(JS)(ARL), 2018 WL 6727150, at *3–4 (E.D.N.Y. Dec. 20, 2018). Nevertheless, Appellant filed the instant appeal, claiming that Judge Grossman made erroneous rulings in the bankruptcy proceedings and, along with others, defrauded her. Because Appellant has failed to heed those warnings, Appellant is ordered to show cause why this Court should not enter a litigation bar and sanctions for her decision to file this appeal. *See* Fed. R. Bankr. P. 8020 (district court may award sanctions after notice and an opportunity to respond for a frivolous appeal or other misconduct). Appellant has thirty (30) days from the entry of this Order to file an affidavit in response. Failure to abide by this Order will result in this case being dismissed for failure to prosecute. *See id.* (district court may award sanctions for failure to comply with any court order); Fed. R. Civ. P. 41(b); *Fetman v. Aish Hatorah of N.Y. Inc.*, No. 1:17-CV-01247(ENV), 2018 WL 4288630, at *2 (E.D.N.Y. Sept. 7, 2018) (dismissing bankruptcy appeal for failure to prosecute where Appellants made no effort to comply with order to show cause why the appeal should not be dismissed pursuant to Fed. R. Civ. P. 41(b)) (citing *Balaber-Strauss v. Reichard (In re Tampa Chain Co., Inc.)*, 835 F.2d 54, 56 (2d Cir. 1987)).

Although Plaintiff paid the filing fee to commence the instant appeal, should she seek leave to appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore should plaintiff seek leave to appeal in forma pauperis, such status is DENIED for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, at 444–45 (1962).

## CONCLUSION

For the reasons set forth above, the Court denies the appeal in its entirety, dismissed any civil claims Appellant attempts to plead, and orders Appellant to Show Cause as to why Appellant should not be subject to sanctions and a litigation bar prohibiting her from again filing complaints about Judge Grossman and decisions reached in the underlying bankruptcy proceeding. Appellant must file any affidavit responding to the Court's Order to Show Cause by December 22, 2023.

Dated: Central Islip, New York
November 22, 2023

_____/s Nusrat J. Choudhury_____
NUSRAT J. CHOUDHURY
United States District Judge