UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Marie Guerrera Tooker,<br><br>        Appellant,<br><br>   -v-<br><br>Quest Ventures, Ltd.<br><br>        Appellee. | 2:21-cv-01290<br>(NJC) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, District Judge:

  On November 22, 2023, this Court denied the appeal of *pro se* Appellant Marie Guerrera Tooker ("Tooker") from a Bankruptcy Court order denying her Motion to Disqualify Judge Robert Grossman and Trustee Allan Mendelsohn from the underlying bankruptcy action. Mem. Order, Nov. 22, 2023, ECF No. 6. In the same opinion, the Court ordered Tooker to show cause by December 22, 2023 why she should not be subject to sanctions and a litigation bar prohibiting her from again filing complaints about Judge Grossman and decisions reached in the underlying bankruptcy proceeding. *See id.* On December 21, 2023, Tooker filed a notice of interlocutory appeal of that order. ECF No. 7. On December 26, 2023, Tooker filed an untimely Response to the Order to Show Cause and nine (9) supporting exhibits. Resp. to Order to Show Cause, ECF No. 9. The Response reiterates the arguments she presented on appeal and accuses the Court of "protecting the criminals" despite a "preponderance of evidence" proving that her land was stolen. *Id.* at 2. For the following reasons, the Court enjoins Tooker from any future filings in this Court relating to the underlying bankruptcy action without first seeking leave of Court.

**BACKGROUND**

As this Court has previously noted, Appellant has filed at least six (6) other appeals from Judge Grossman's orders in the underlying bankruptcy case. *See Tooker v. Quest Ventures, Ltd.*, No. 16-cv-7070 (E.D.N.Y.) (Bianco, J.); *Tooker v. Quest Ventures Ltd., et al.*, No. 17-cv-4589 (E.D.N.Y.) (Seybert, J.); *Tooker et al. v. Quest Ventures Ltd., et al.*, No. 18-cv-6331 (E.D.N.Y.) (Seybert, J.); *Tooker et al. v. Quest Ventures Ltd., et al.*, No. 18-cv-6644 (E.D.N.Y.) (Seybert, J.); *Tooker et al. v. Quest Ventures Ltd., et al.*, No. 19-cv-0064 (E.D.N.Y.) (Seybert, J.); *Guerrera v. United States Tr.*, No. 21-cv-0028, (E.D.N.Y.) (Seybert, J.); *see also In re Quest Ventures, Ltd.*, 790 F. App'x 334 (2d Cir. 2020) (Second Circuit affirming an order by another judge of this Court dismissing Appellant's appeal (Case No. 17-cv-4589) of an order issued by Judge Grossman in Bankruptcy Case No. 15-75499).

Like those prior appeals, the most recent appeal denied by this Court was a confusing "diatribe against Judge Grossman . . . and others involved in her bankruptcy matters and appeals therefrom." *Tooker v. Grossman*, No. 18-CV-7164(JS)(ARL), 2018 WL 6727150 at *1 (E.D.N.Y. Dec. 20, 2018). Five years ago, another judge of this Court warned Tooker that "similar, future complaints will not be tolerated," and that future legal action relating to the underlying bankruptcy case would elicit an order "to show cause why a litigation bar should not be entered" against her. *Id.* at *4. The Court warned Tooker that if she "filed another action relating to the underlying bankruptcy case, it is within the Court's authority to consider imposing sanctions upon her." *Id.* Despite this warning, Tooker filed another appeal. ECF Nos. 1, 4–5.

## PROCEDURAL HISTORY

On March 9, 2021, Tooker filed a Notice of Appeal in this action. ECF No. 1. On April 7, 2021, the Court set the briefing schedule. ECF No. 2. On May 7, 2021, Tooker filed her opening brief and appendix. ECF Nos. 4–5. The action was reassigned to this Court's docket on October 19, 2023. On November 22, 2023, the Court denied Tooker's appeal and ordered her to show cause by December 22, 2023 as to why she should not be subject to sanctions and a litigation bar prohibiting her from again filing complaints about Judge Grossman and decisions reached in the underlying bankruptcy proceeding. Mem. Order, ECF No. 6. On December 21, 2023, Tooker filed a Notice of Interlocutory Appeal as to the Court's November 22, 2023 Order. ECF No. 7. On December 26, 2023, Tooker filed an untimely Response to the Order to Show Cause. Resp. to Order to Show Cause, ECF No. 9. On December 27, 2023, this Court closed this action for administrative purposes with leave to reopen pending disposition of Tooker's appeal. Elec. Order, Dec. 27, 2023.

## RESPONSE TO THE ORDER TO SHOW CAUSE

Tooker responds to this Court's Order to Show Cause by accusing the Court of "acting as an attorney for Judge Grossman in complete conflict." Resp. to Order to Show Cause at 1. Tooker states that "Judge Grossman and Allen Mendelsohn did not reply to my motion. No reply is clear proof of guilt." *Id.* Tooker further states that "[t]hese pleadings are undisputed by Judge Grossman , Mendelsohn and all attorneys in this case stayed silent **,EXCEPT** for Judge Seybert and Judge Choudhury. Your decision is their reply. You cannot be the Judge and the lawyer. Is this hard to understand, or shall I print all the Judicial cannons out?" *Id.* Tooker attaches to her

Response a printout of part of the Code of Conduct for United States Judges. Resp. to Order to Show Cause, Ex. A, ECF No. 9-2.

Tooker accuses the Court of "protecting the criminals" despite a "preponderance of evidence" proving that her land was stolen. Resp. to Order to Show Cause at 2. Tooker further asserts that "[a]s a sitting Judge if you cannot see federal crimes than you must be either incompetent, cannot understand the English language, have some form of disability, an issue with drugs and alcohol or completely corrupt." *Id.* Tooker continues: "Judge Seybert held this appeal for almost 3 years and then recuses herself giving it to you a Judge from India, the same home Country as Harry Singh **(BOLLA the demonic serpent)** who was part of stealing this farm away from American veterans and children in need." *Id.*

Regarding the Court's Order to Show Cause, Tooker states that "[t]o sanction and bar me is cruel unusual punishment" and "violates [her] First Amendment" rights. *Id.* at 3–4. Tooker reiterates several times that she has the right to appeal, and that "[s]anctions and silencing me would be a complete violation of the Law of the land." *Id.* at 5.

The remainder of Tooker's Response restates her allegations of corruption and fraud in the underlying bankruptcy action. *See, e.g.*, *id.* at 3 ("Our home was never part of the auction. Judge Grossman just gave it to Bolla."). Tooker requests "a criminal investigation into alleged bribery with Bolla" and ends her Response with the Lord's Prayer. *See id.* at 5.

## STANDARD OF REVIEW

"The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the

courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (per curiam) (quotation marks and brackets omitted). In determining whether or not to restrict a litigant's future access to the courts, the Second Circuit has instructed courts to consider the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id.*

## DISCUSSION

An evaluation of the five *Safir* factors counsels in favor of instituting a litigation bar against Tooker. The first factor asks whether Tooker's litigation history entails "vexatious, harassing or duplicative lawsuits." *Safir*, 792 F.2d at 24. Tooker has filed at least six appeals from Judge Grossman's orders in the underlying bankruptcy action, *see infra* at 2, and at least one other action seeking to prevent her eviction from the property at issue in the underlying bankruptcy action, *see, e.g.*, *Tooker v. Grossman*, No. 18-CV-7164 (E.D.N.Y.) (Seybert, J.). Across these actions, Tooker repeats her allegations of fraud in the underlying bankruptcy proceeding. These actions are, therefore, duplicative and harassing to, at a minimum, Judge Grossman and Trustee Mendelsohn. Relatedly, in considering the fourth factor, Tooker's history of duplicative and harassing litigation has posed an unnecessary burden on the courts and their personnel, requiring the expenditure of judicial resources to evaluate and resolve Tooker's

5

numerous, frivolous, and duplicative actions and appeals from decisions in the underlying bankruptcy action. *See Safir*, 792 F.2d at 24; *Niles v. Wilshire Inv. Grp., LLC*, 859 F. Supp. 2d 308, 320–21 (E.D.N.Y. 2012) (plaintiffs "prolix and redundant pleadings . . . have imposed upon the courts an undue burden and abuse of the judicial process.").

The second factor asks whether Tooker has an objective good faith expectation of prevailing. *See Safir*, 792 F.2d at 24. Tooker's Response reiterates the confusing and frivolous arguments about fraud in the underlying bankruptcy action that this Court has rejected numerous times. *See, e.g.*, Mem. Order at 7–10, Nov. 22, 2023; *Tooker v. Grossman*, No. 18-CV-7164(JS)(ARL), 2018 WL 6727150 at *1 (E.D.N.Y. Dec. 20, 2018). Because this Court has already rejected Tooker's arguments, she cannot have an objective good faith expectation of prevailing on them in this Court or at the Second Circuit.

The third factor asks whether Tooker is represented. *See Safir*, 792 F.2d at 24. Tooker is proceeding *pro se*. Nevertheless, a "court's authority to enjoin vexatious litigation extends equally over *pro se* litigants and those represented by counsel, and a court's special solicitude towards *pro se* litigants does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the [Appellant is] calling to vindicate [her] rights." *Niles*, 859 F. Supp. 2d at 342–43 (issuing litigation bar against *pro se* plaintiffs with a well-documented history of vexatious litigation involving duplicative lawsuits featuring repeated and frivolous allegations) (internal quotation marks and citation omitted). Although Tooker is proceeding *pro se*, this factor does not weigh heavily against a litigation bar due to her history of duplicative litigation and repeated frivolous allegations.

The final factor asks whether other sanctions would be adequate to protect the courts and other parties. *See Safir*, 792 F.2d at 24. The Second Circuit has found that a filing injunction is

6

not overbroad where it restricts a litigant's access to the court, but the litigant maintains the ability to assert a meritorious claim with prior court approval. *See id.* at 25. Tooker's repeated "unwillingness to accept unfavorable rulings by repackaging [her] claims . . . as part of a broadening conspiracy theory to relitigate previously rejected claims" makes clear that other sanctions will not deter her from "from further vexatious and baseless litigation[.]" *Niles*, 859 F. Supp. 2d at 343. Indeed, Tooker's Response states in several places that she has a right to appeal, and that she "will never stop exposing this horrible crime of the Hobbs Act," suggesting that Tooker may continue to appeal this Court's rulings on the basis of frivolous allegations. Resp. to Order to Show Cause at 3. Appellant is warned that her continued pursuit of frivolous litigation may result in the imposition of additional sanctions, including monetary penalties, upon notice and an opportunity to be heard. *See* 28 U.S.C. § 1651(a); *Malley v. Corp. Counsel of the City of New York*, 9 F. App'x 58, 59 (2d Cir. 2001) (summary order) (affirming imposition of $1,500 sanction on *pro se* litigant for filing repetitive, frivolous complaints).

## CONCLUSION

For the reasons set forth above, the Court enjoins Tooker from any future filings in this Court relating to the underlying bankruptcy action without first seeking leave of Court. Should Tooker wish to file a document in this case, or any future cases related to the underlying bankruptcy action, it must be filed along with a request for leave to file the document explaining why the filing is not frivolous. The Clerk of the Court is directed to return to Tooker, without docketing or consideration, any new submission related to the underlying bankruptcy action if it is received without a separate application seeking leave to file. If Tooker seeks leave to file a new complaint related to the underlying bankruptcy action along with a request for leave to file

the complaint, the Clerk of Court is directed to open it under a miscellaneous number. Unless the Court enters an order authorizing the case to go forward within ninety days, at which point it will be assigned a civil case number, the Clerk shall close the miscellaneous matter without further Court order.

Dated: Central Islip, New York
January 11, 2024

                                          /s Nusrat J. Choudhury
                                          NUSRAT J. CHOUDHURY
                                          United States District Judge